```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JAI DAVID ORTIZ a/k/a JAYSON TORRES, | |
| Plaintiff, | MEMORANDUM OPINION & ORDER |
| - against - | 04 Civ. 1285 (JSR) (RLE) |
| THE CITY OF NEW YORK, et al., | |
| Defendants. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, David Ortiz a/k/a Jayson Torres ("Ortiz"), filed suit against the City of New York ("the City"), among other defendants, alleging civil rights violations arising out of his arrest on August 25, 1999. In discovery, the City produced a copy of a search warrant application dated August 25, 1999, which contained a number of redactions. On May 8, 2006, Ortiz asked the Court to compel the City to produce an unredacted copy of the search warrant application. The Court thereafter ordered the City to produce the unredacted copy for an *in camera* review. For the following reasons, Ortiz's motion to compel is **DENIED**.

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, the scope of discovery extends to "any matter not privileged which is relevant to the subject matter in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party . . ." Rule 26. The phrase "relevant to the subject matter involved in the pending action" has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." **Oppenheimer**

**Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978). The party receiving a request must not only produce information which is admissible as evidence, but also information which "appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1). "Reasonably calculated" means "any possibility that the information sought may be relevant to the subject matter of the action." **Morse/Diesel, Inc. v. Fidelity & Deposit Co.**, 122 F.R.D. 477, 449 (S.D.N.Y. 1988) (citations omitted).

A *pro se* prisoner's submissions are to be liberally construed. *See* **Haines v. Kerner**, 404 U.S. 519 (1972). Ortiz argues that the unredacted portions of the search warrant application are relevant to his claim that the police had no probable cause for his warrantless arrest. He contends that the application could reveal that the information provided by various witnesses, which the police apparently relied upon when they arrested him, was insufficiently reliable or credible. Ortiz also argues that the redacted portions of the search warrant application are relevant to his malicious prosecution claim, as it could reveal that the police officers conducted themselves in bad faith.

After reviewing the unredacted search warrant application *in camera*, the Court finds that the information sought is not likely to lead to the discovery of admissible evidence. It is first important to note that it appears that the search warrant application was filled out after Ortiz's arrest. The application did not result in a warrant pursuant to which Ortiz was arrested. It does provide some information about the officers' interviews with a number of individuals leading up to their decision to knock on Ortiz's door, and thereafter arrest him. This is all discernable from the redacted copy already in Ortiz's possession.

An anonymous informant's veracity, reliability, and basis of knowledge are relevant, but

not required, components of a probable cause determination. *See* **Illinois v. Gates**, 462 U.S. 213, 230 (1983). However, from what the Court can conclude, the individuals the police spoke to that day were not anonymous informants, but witnesses known to the police. Even assuming that the information they provided was erroneous, the redacted details would not support Ortiz's claims of misconduct by either the police or prosecution or lead to the discovery of additional admissible evidence.

For the foregoing reasons, Ortiz's motion to compel the City to produce an unredacted copy of the August 25, 1999 search warrant application is **DENIED**.

**SO ORDERED this 9th day of June 2006**
**New York, New York**

								*[signature]*

								**The Honorable Ronald L. Ellis**
								**United States Magistrate Judge**