UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAI DAVID ORTIZ a/k/a JAYSON TORRES,

       Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

       Defendants.

MEMORANDUM
OPINION & ORDER

04 Civ. 1285 (JSR) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, David Ortiz a/k/a Jayson Torres ("Ortiz"), filed suit against the City of New York ("the City"), among other defendants, alleging civil rights violations arising out of his arrest on August 25, 1999. In discovery, the City produced a copy of a search warrant application dated August 25, 1999, which contained a number of redactions. On May 8, 2006, Ortiz asked the Court to compel the City to produce an unredacted copy of the search warrant application, arguing that the application contained information which witnesses provided to the police officers who arrested him. Ortiz presumably wished to demonstrate that the information was erroneous and would therefore support his claims of misconduct by the police and prosecutor. The Court thereafter ordered the City to produce the unredacted copy for an *in camera* review. On June 9, 2006, the Court denied Ortiz's motion to compel, finding that, even assuming that the witnesses had provided erroneous information to the police, the redacted information would not support Ortiz's claims or lead to other evidence that would support his claims. By letter dated June 20, 2006 ("Ortiz Letter"), Ortiz objected to the Court's ruling, which the Court will construe as a motion to reconsider. For the following reasons, Ortiz's motion to reconsider is **DENIED**.

## II. DISCUSSION

A party may move for reconsideration of an order on the basis of "mistake, inadvertence, surprise, or excusable neglect." Federal Rule of Civil Procedure ("FRCP") 60(b)(1). Local Rule 6.3 specifies that the party must outline "the matters or controlling decisions which counsel believes the court has overlooked." Reconsideration or reargument is merited if the party can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." **Shamis v. Ambassador Factors Corp**., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). The matters must "reasonably be expected to alter the conclusion reached by the court." **Davidson v. Scully**, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." **Id**.

Ortiz points out that FRCP 26 allows for discovery into "identity and location of persons having knowledge of any discoverable matter," implying that he should therefore have access to the identity of the witnesses currently redacted from the search warrant application as produced to him. He argues that because the police relied on these witnesses' statements in their decision to arrest him, the witnesses' identities are relevant to his case. Ortiz Letter ¶¶ 1-2. He notes that he seeks to show that he was arrested without probable cause and that the indictment filed against him following his arrest was "produced by fraud, perjury, the suppression of evidence, or other police conduct undertaken in bad faith." **Id**. at ¶ 4. Ortiz also asks why he should be denied the opportunity to depose these witnesses.

As the Court explained in denying Ortiz's motion to compel, the redactions in the search warrant application do not contain information which would support Ortiz's claims or lead to the

discovery of admissible evidence. Ortiz points to no controlling decisions or factual matters which the Court overlooked in denying his motion to compel. Therefore, his motion for reconsideration is **DENIED**.

**SO ORDERED this 6th day of July 2006**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge